## In Re Anonymous No. 13 D.B. 85

Disciplinary Board Docket No. 13 D.B. 85.

HELWIG, *Vice-chairman*, March 11, 1987 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its report and recommendations with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

On February 27, 1985, the Office of Disciplinary Counsel filed a petition for discipline with the Disciplinary Board setting forth the arrest and conviction of respondent under section 3929(a)(1) of the Pennsylvania Crimes Code; a second arrest under the same section of the Crimes Code with an ultimate acceptance of respondent into the Accelerated Rehabilitative Disposition Program on December 19, 1983; and the assertion that respondent had falsely answered a question pertaining to conviction of a violation of law in an employment application given under oath.

The Office of Disciplinary Counsel averred that respondent had violated the following Disciplinary Rules of Professional Responsibility in connection with each of these charges:

A.D.R.1-102(A)(3), dealing with engaging in illegal conduct involving moral turpitude;

B.D.R.1-102(A)(4), dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation; and

C.D.R.1-102(A)(6), dealing with conduct adversely reflecting on an attorney's fitness to practice law.

A hearing was held before Hearing Committee [ ] on August 16, 1985. In March 1986, the hearing committee filed a report in which it set forth its findings of fact and its recommended disposition of the proceeding. The hearing committee concluded that respondent's conduct with respect to the retail theft, which was the basis of Charge I of the complaint, constituted a violation of Disciplinary Rules 1-102(A)(3), (4) and (6).

It also concluded that respondent's actions in shoplifting food at the [A] Food Store (the basis for

Charge II) was also a violation of the Disciplinary Rules referred to above.

Concerning Charge III, (i.e. the alleged false answers in an employment application) the hearing committee concluded that there was no violation of the Disciplinary Rules, accepting respondent's testimony that he had not intentionally misrepresented the facts of his convictions in submitting his employment application. In reaching this conclusion the hearing committee noted that the employer's representative to whom the employment application was submitted knew of the convictions at the time the application was submitted and accepted respondent's contention that he had believed that the facts set forth in his employment application were to be those which had existed at the time of his initial employment interview, not at the date the application was formally submitted. Even if respondent's belief may not have been justified, the hearing committee concluded it was an honest belief and, therefore, there had been no intentional misrepresentation of fact with respect to the employment application. After review of the record, the board agrees with and adopts the findings of fact in the hearing committee report, namely:

1. On or about January 8, 1983, respondent did intentionally take possession of a pair of men's slacks valued at $29 at the [B] store in the [C] Mall and did place the slacks under his overcoat with the intent of converting the merchandise to his own use without paying the owner the value thereof.

2. As a result of said conduct, respondent was arrested and charged with a violation of section 3939(a)(1) of the Pennsylvania Crimes Code.

3. On or about March 15, 1983, respondent was found guilty of the above summary offense of retail theft in proceedings before District Magistrate [D].

4. Respondent, by his conduct as set forth hereinabove in paragraphs 1 through 3 inclusive, violated the following Disciplinary Rules of the Code of Professional Responsibility:

A. D.R. 1-102(A)(3), dealing with engaging in illegal conduct involving moral turpitude;

B. D.R. 1-102(A)(4), dealing with conduct involving dishonesty, fraud, deceit, and misrepresentation;

C. D.R. 1-102(A)(6), dealing with engaging in conduct that adversely reflects on fitness to practice law.

5. On or about March 5, 1983 respondent did intentionally take possession of various items of foodstuffs valued at $5.91 at the [A] Food Store at [ ], and did place the foodstuffs in his coat pockets with the intent of converting the merchandise to his own use without paying the owner the value thereof.

6. As a result of said conduct, respondent was arrested and charged with a violation of section 3929(a)(1) of the Pennsylvania Crimes Code.

7. Said second offense misdemeanor charge was bound over to court, was disposed of by respondent's acceptance into the Accelerated Rehabilitative Disposition program by court order of December 19, 1983, and the record of said charges was expunged upon respondent's completion of the ARD program.

8. Respondent, by his conduct as set forth hereinabove in paragraphs 5 through 7, inclusive, violated the following Disciplinary Rules of the Code of Professional Responsibility:

A. D.R. 1-102(A)(3), dealing with engaging in illegal conduct involving moral turpitude;

B. D.R. 1-102(A)(4), dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation;

C.D.R. 1-102(A)(6), dealing with engaging in conduct that adversely reflects on fitness to practice law.

9. On or about February 4, 1983 respondent submitted a resume to the [E] Bureau of the Pennsylvania [F] and inquired about employment as an attorney with said agency.

10. Respondent was subsequently hired for said position and commenced his employment on April 1, 1983.

11. On or about April 26, 1983, respondent was asked by the Director of the [E] Bureau to complete an employment application for the [E] Bureau which contained the question: "Have you ever been convicted of any violation of law?"

12. Respondent answered said question "No," when he knew he had been convicted of the summary offense of retail theft on March 15, 1983.

13. Said answer was written under oath, was false, and thus violated provisions of the Crimes Code relating to False Swearing or Unsworn Falsification to Authorities, 18 Pa.C.S. §§4903-4904.

14. On or about April 27, 1983 respondent had a conversation with the Director of the [E] Bureau in which was discussed the then-pending charges of retail theft against respondent arising out of a March 5, 1983, incident at the [A] Food Store in [C], and in which conversation respondent was specifically asked about the existence of any prior criminal convictions.

15. Respondent responded that he had no prior convictions, when he knew he had been convicted of the summary offense of retail theft on March 15, 1983 arising out of the January 8, 1983 incident at the [B] store in [C].

In its report, the hearing committee recommended that the appropriate disposition of the matter would be a four-month suspension stating:

"[Respondent] has clearly engaged in illegal conduct involving moral turpitude, dishonesty, deceit, and misrepresentation and his conduct adversely affects on his fitness to practice law. That his criminal violations, his dishonesty, his deceit, his misrepresentation, revolve around minor if not pathetic events is not sufficient to modify our opinion of his fitness to practice law. We feel that these acts must be penalized with a significant suspension in order to protect the interests of both the public and the profession. It is our recommendation this suspension should be for a period of four months."

After the report was filed, disciplinary counsel filed exceptions which were addressed basically to the hearing committee's conclusion that the incorrect statement in respondent's employment application constituted a violation of professional conduct and that the hearing committee should have found that respondent's conduct with respect to the employment application was a violation of the Disciplinary Rules. Counsel contended, therefore, that the recommended four-month suspension was too lenient a disposition of the proceeding.

The matter came before the board for consideration on April 16, 1986, and after consideration the board felt that the findings and conclusions of the hearing committee were correct. However, the board felt that respondent's conduct with respect to the two shoplifting violations raised serious questions concerning respondent's mental capacity and, because of that, on his fitness to practice law. The board felt these events were so bizarre and so inconsistent with conduct one would expect of an attorney that there should be inquiry by the hearing

committee into respondent's mental condition, as more fully set forth in the board's order of May 11, 1986.

In December 1986, the hearing committee filed an additional report and recommendation which reflected that the matters set forth in the board order of May 11, 1986 had been pursued and considered by the hearing committee.

The board has reviewed the hearing committee's supplemental report and the medical reports attached thereto, and agrees with the hearing committee that the hearing committee's initial findings and recommendations should stand as stated.

## II. RECOMMENDATION

For these reasons, the board would adopt the findings and recommendations of the hearing committee, dismiss the exceptions filed to the original hearing committee report by Disciplinary Counsel, and recommend to the Supreme Court that this matter be disposed of by entering an order suspending respondent from the practice of law for a period of four months; and the court direct that the necessary expenses incurred in the investigation and prosecution of these proceedings be paid by respondent.

Messrs. Schwartzman, Curran, Mundy, Brown, Tumolo and Keller did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this May 29, 1987, upon consideration of the report and recommendations of the Disciplinary Board dated March 11, 1987, it is hereby ordered that [Respondent] be and he is suspended from the Bar of this Commonwealth for a period

of four months, and he shall comply with all provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.